```
              UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


BAO DENG CHEN,                  :    CIVIL NO. 1:05-CV-0385
                                :
          Petitioner            :    (Judge Conner)
     v.                         :
                                :    (Magistrate Judge Smyser)
CRAIG APKER,                    :
                                :
          Respondent            :
```

**REPORT AND RECOMMENDATION**


On February 23, 2005, the petitioner, a federal prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The petitioner is challenging a sentence he received in the United States District Court for the Southern District of New York in 2003 for hostage taking, conspiracy to commit hostage taking, alien smuggling, and conspiracy to commit alien smuggling.


The petitioner claims that the sentencing court lacked jurisdiction to sentence him and that the sentencing court violated his Sixth Amendment rights by enhancing his sentence based on facts not found by the jury.  The petitioner cites *Blakely v. Washington,* 124 S.Ct. 2531 (2004)(holding that

defendant's Sixth Amendment right to trial by jury was violated when sentencing court sentenced defendant to more than statutory maximum of standard sentencing range, after making a judicial determination that defendant acted with deliberate cruelty, where the facts supporting that finding were neither admitted by the defendant nor found by a jury), and *United States v. Booker,* 125 S.Ct. 738 (2005)(extending the rule of *Blakely* to the Federal Sentencing Guidelines, severing and excising provisions of the Sentencing Reform Act of 1984 that made the Guidelines mandatory, and, thereby, transforming the Guidelines into advisory guidelines).

We conclude that the petitioner may not assert the claims that he is raising in a 28 U.S.C. § 2241 petition.

28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

>    move the court which imposed the sentence to
>    vacate, set aside or correct the sentence.
>
>       . . . .
>
>    An application for a writ of habeas corpus
>    on behalf of a prisoner who is authorized to
>    apply for relief by motion pursuant to this
>    section, shall not be entertained if it appears
>    that the applicant has failed to apply for
>    relief, by motion, to the court which sentenced
>    him, or that such court has denied him relief,
>    unless it also appears that the remedy by
>    motion is inadequate or ineffective to test the
>    legality of his detention.

The claims that the petitioner is raising in this case are the type of claims that should be brought by way of a § 2255 motion in the district court of conviction.

To be able to bring a § 2241 petition for a writ of habeas corpus, the petitioner must establish that he satisfies the safety-valve language of § 2255, i.e. that the remedy by a § 2255 motion is inadequate or ineffective to test the legality of his detention. The safety-valve language in § 2255 has been strictly construed. *See Application of Galante*, 437 F.2d 1164, 1165-66 (3d Cir. 1971)(unfavorable legal standards prevailing in circuit where sentencing court located does not render § 2255 remedy inadequate or ineffective); *Millan-Diaz v.*

3

*Parker*, 444 F.2d 95, 97 (3d Cir. 1971)(doubts about the administration of a § 2255 motion in a particular case do not make the remedy inadequate or ineffective); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)(even if the sentencing court incorrectly disposes of a proper motion under § 2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition). A motion under § 2255 is inadequate or ineffective only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" *Galante, supra*, 437 F.2d at 1165 (quoting *Leguillou, supra*, 212 F.2d at 684).

28 U.S.C. § 2255 establishes a one-year statute of limitations applicable to § 2255 motions. Also, before a second or successive § 2255 motion may be considered by the district court, it must be certified by a three judge panel of the court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

4

> evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

"Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative" *Id.* at 538.

In *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), the Third Circuit addressed the issue of when a prisoner may bring a § 2241 habeas petition after being denied leave to file a successive § 2255 motion. *Dorsainvil* involved a prisoner who sought to bring a successive § 2255 motion on the basis of the United States Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995). In *Bailey* the Court held that a

5

defendant may not be convicted of using a firearm under 18 U.S.C. § 924(c) unless the government proves that the defendant "actively employed the firearm during and in relation to the predicate crime." 516 U.S. at 150.  After the *Bailey* decision the petitioner in *Dorsainvil* filed an application to file a successive § 2255 motion claiming that on the basis of *Bailey* he was imprisoned for conduct that the Supreme Court had determined is not illegal.  The Third Circuit held that a prisoner who was convicted and filed his first § 2255 motion before the *Bailey* decision may not file a second § 2255 motion based on *Bailey* because the second motion does not meet the stringent requirements created by the Antiterrorism and Effective Death Penalty Act for filing a second § 2255 motion. 119 F.3d at 248.  The Third Circuit went on to indicate that although a prisoner may not file a second § 2255 motion based on *Bailey* he may file a 28 U.S.C. § 2241 habeas corpus petition. *Id*. at 251.  However, the Third Circuit cautioned that:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's

>     intent in amending § 2255.  However, allowing someone
>     in Dorsainvil's unusual position - that of a prisoner
>     who had no earlier opportunity to challenge his
>     conviction for a crime that an intervening change in
>     substantive law may negate, even when the government
>     concedes that such a change should be applied
>     retroactively - is hardly likely to undermine the
>     gatekeeping provisions of § 2255.

119 F.3d at 251.

The Third Circuit held that the petitioner in *Dorsainvil* may bring a § 2241 petition because to hold otherwise might result in the imprisonment of a person who had not committed a crime. *Id.*

In the instant case, the petitioner is not in a position similar to the petitioner in *Dorsainvil*.  The holdings in *Blakely* and *Booker* concern sentencing and were based on the Sixth Amendment.  Neither of those decisions changed substantive law as to the elements of the criminal offenses of which the petitioner was convicted.  Thus, the petitioner can not credibly claim that an intervening change in the substantive law has resulted in a conviction for conduct which is no longer considered criminal.  The Supreme Court's holdings in *Blakely* and *Booker* do not negate the petitioner's criminal

7

conduct; rather those decisions only concern the issues of the burden of proof and the identity of the fact finder.

The petitioner suggests that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention because he can not present his claims by way of a § 2255 motion because the Supreme Court has not made *Blakely* and *Booker* retroactive to cases on collateral review. The one-year limitation period in § 2255 runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Since the petitioner's conviction became final more than a year ago and since the Supreme Court has not made *Blakely* and *Booker* retroactive to cases on collateral review, the statute

8

of limitations in § 2255 prevents the petitioner from pursuing his claims in a § 2255 motion.

In amending § 2255 in 1996, Congress set forth a statute of limitations and the events that start the running of the limitations period including the recognition of new rights recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  To hold that § 2241 provides a mechanism for litigating *Blakely/Booker* issues foreclosed from review by § 2255's statute of limitations would, in the words of our Court of Appeals, "effectively eviscerate Congress's intent in amending § 2255." *Dorsainvil, supra,* 119 F.3d at 251.  The fact that the petitioner may now be barred by the statute of limitations from pursuing his claims by way of a § 2255 motion does not render § 2255 inadequate or ineffective to test the legality of the petitioner's detention. *Cradle*, *supra,* 290 F.3d at 539. Accordingly, the petitioner may not present his claims in a 28 U.S.C. § 2241 habeas petition.

We note that the petitioner attached to his reply brief a § 2255 motion.  However, a § 2255 motion must be brought in the court which sentenced the petitioner.  This court does not have jurisdiction to consider a § 2255 motion from the petitioner.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed and that the case file be closed.

                                        ***/s/ J. Andrew Smyser***
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated:  May 4, 2005.